UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| KENNETH HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:09CV00051 ERW |
| ) | |
| JAMES BARNES, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss for Failure of Plaintiff to Prosecute [doc. #35]. On October 19, 2009, Plaintiff Kenneth Holt ("Plaintiff") filed a Complaint Under 42 U.S.C. § 1983 [doc. #1] against Defendants James Barnes, James Carter, Tom Dunn, Debbie Epps, Chantay Godert, Jarod Haynes, Glendale Johnson, Debra Kelly, Christopher Labrash, Tammy Lambert, Scott Lawrence, Sharon Meyers, Jim Moore, Todd Moore, Mark O'Brien, Rick Painter, Doug Prudden, Tracy Scranton, Robert Sherman, Alton Thompson, Paul Wilson, Tom Clements, Larry Crawford, and Mike Kemna (collectively, "Defendants"). Plaintiff's Complaint alleges various civil rights violations, conspiracy, and breach of fiduciary duty.

On February 11, 2010, Defendants filed a Motion for Partial Dismissal of Plaintiff's Complaint for Failure to Comply with the Prison Litigation Reform Act [doc. #20].[1] Plaintiff

---

[1] The Motion for Partial Dismissal was filed by Defendants Barnes, Carter, Dunn, Epps, Godert, Johnson, Kelly, Labrash, Lambert, Lawrence, Meyers, J. Moore, T. Moore, O'Brien, Painter, Prudden, Scranton, Sherman, Thompson, Clements, Crawford, and Kemna. Defendant Haynes and Defendant Wilson each filed an individual Motion for Joinder in Defendants' Motion for Partial Dismissal of Plaintiff's Complaint for Failure to Comply with the Prison Litigation

failed to file a timely response to the Motion for Partial Dismissal, so the Court entered an Order to Show Cause [doc. #24] on March 18, 2010, ordering Plaintiff to show cause no later than March 29, 2010, as to why Defendants' Motion for Partial Dismissal should not be granted. The Court also stated that failure to comply with the Order to Show Cause could result in dismissal of the claim. On March 24, 2010, the Court received a request from Plaintiff for a 60 day extension of time to file a response. The Court granted Plaintiff's request, in part, giving Plaintiff until April 30, 2010 to respond to Defendants' Motion for Partial Dismissal. Even though the Court gave Plaintiff additional time, he still failed to file a timely response.[2] On May 19, 2010, Defendants filed a Motion to Dismiss for Failure of Plaintiff to Prosecute Under Federal Rule of Civil Procedure 41(b) [doc. #35]. Plaintiff did not file a response. The Court now considers this Motion.

>Federal Rule of Civil Procedure 41(b) provides:
>
>[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The Eighth Circuit has found that "[a]n action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). The Eighth Circuit has also stated that "[a]lthough dismissal with prejudice is an extreme sanction only to be used in cases of willful disobedience of a court order or where there is

---

Reform Act [docs. #28, 33]. Both of these Motions for Joinder were granted by this Court.

[2]Since his March 24, 2010 request for additional time to respond, through the date of this Order, Plaintiff has not made any filings in this case.

2

a pattern of intentional delay, we give the district court a large amount of discretion in regulating and sanctioning misconduct which occurs in proceedings before it." *Good Stewardship Christian Ctr. v. Empire Bank*, 341 F.3d 794, 797 (8th Cir. 2003). In this case, Plaintiff failed to respond to Defendants' Motion for Partial Dismissal, and failed to otherwise comply with the Court's Order to Show Cause. In the Order to Show Cause, the Court specifically warned Plaintiff that failing to respond could lead to the dismissal of his claims against Defendants.

In order for a court to dismiss a plaintiff's claims for failure to prosecute, the court "need only find that [the] litigant acted deliberately rather than accidentally, and need not find bad faith." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). There is ample evidence of deliberateness in this case. The Court's Order granting Plaintiff's request for extension of time specifically stated that Plaintiff's response to the pending Motion for Partial Dismissal was due no later than April 30, 2010. Plaintiff was certainly aware of the deadline, as the Order was granted on March 25, 2010. Plaintiff's failure to file a response by April 30, 2010, or at any time thereafter, was a deliberate action; missing the deadline demonstrates willful disobedience with respect to the Court's Order on Plaintiff's behalf.

In determining whether to dismiss Plaintiff's claim for failure to prosecute, the Eighth Circuit has stated, "[a] district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hutchins*, 116 F.3d at 1260. It is well-known that "[d]ismissals with prejudice are 'drastic and extremely harsh sanction[s].' Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action or where the

plaintiff has consistently and willfully failed to prosecute his [or her] claim." *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (quoting *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993)) (second two alterations in original). The Eighth Circuit has upheld lower court decisions to dismiss a case for failure to prosecute in cases involving circumstances similar to those present in this case. *See, e.g.*, *Sillga v. Fairview Univ. Med. Ctr.*, 21 F.App'x 525 (8th Cir. 2001) (finding that trial court acted within its discretion in dismissing case for failing to comply with court's orders because although attorney was negligent, plaintiff knew of attorney's negligence but did not make his concerns part of the record); *Blackburn v. Whitney*, No. 98-1843, 2000 WL 227840, at *1, (8th Cir. Feb. 7, 2000) (per curiam) (finding that the district court did not abuse its discretion in dismissing a case where the plaintiff had failed to comply with the trial court's order to address the defendants' dismissal motion); *Lang v. Wyrick*, 590 F.2d 257, 259 (8th Cir. 1978) (finding that the trial court did not abuse its discretion in dismissing the plaintiff's case for failure to prosecute, when the plaintiff had failed to comply with the trial court's order to file a response to the defendants' motion to dismiss for failure to state a claim).

The Court has considered whether lesser sanctions are readily available, but believes that Plaintiff's failure to comply with the Court's Order to Show Cause, followed by missing the extension deadline, was willful and deliberate. The Court also believes that, despite the Court's policy of favoring the disposition of cases on their merits, dismissal of this case better serves the public interest by promoting the expeditious resolution of cases. *See Boyle v. American Auto Service, Inc.*, 571 F.3d 734, 739 (8th Cir. 2009). Thus, the Court concludes that dismissal of this case is appropriate and is consistent with other Eighth Circuit cases.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure of Plaintiff to Prosecute [doc. #35] is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED**, **with prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Dismissal of Plaintiff's Complaint for Failure to Comply with the Prison Litigation Reform Act [doc. #20] is **DENIED**, **as moot**.

Dated this 14th Day of September, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE